James C. Pistorino (SBN 226496)
   james@dparrishlaw.com
Parrish Law Offices
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043

Pro Se

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Pistorino, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. Department of Health and Human Services, <br><br> Defendants. | Case Number: <br><br> COMPLAINT <br> ADMINISTRATIVE PROCEDURE ACT CASE <br><br> JURY TRIAL DEMANDED |

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive relief and other appropriate relief and seek the disclosure of and release of agency records improperly withheld from plaintiff by the defendant.

## I.   JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action and the parties pursuant to 5 U.S.C. § 552(a)(4)(B). Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## II.   PARTIES

3. Plaintiff James Pistorino is a natural person and a resident of Menlo Park, California.

4. Defendant U.S. Department of Health and Human Services is an agency of

1

Complaint

the United States government with its principal offices in Washington, D.C.

### III.   INTRADISTRICT ASSIGNMENT

5. Mr. Pistorino is a resident of San Mateo County, California. Pursuant to L.R. 3- 2(d) and 3-2(c), it is believed that assignment to either the San Francisco or Oakland divisions would be appropriate.

### IV.   FACTUAL BACKGROUND

6. Plaintiff frequently litigates matters before the Department and in federal courts concerning Medicare coverage for various items and services. To that end, Plaintiff desires to obtain information regarding Medicare's approval and denial of claims submitted for coverage.

7. Pursuant to the Freedom of Information Act, on June 10, 2021, Plaintiff submitted a FOIA request seeking information regarding all Medicare initial claim approvals or denials for the years 2018-2020.[1] *See* Exhibit A.

8. On June 11, 2021, Defendant sent a message acknowledging receipt of the FOIA request but did not indicate whether the Department would comply with the request, indicate whether of the material were to be produced provide a time frame for their production, or provide an opportunity for Plaintiff to narrow the request (if necessary) to expedite the production. Further, the June 11, 2021, acknowledgement did not contend that "unusual circumstances" prevented the Department from complying with the statutory deadlines.

9. No other communication related to this matter has been sent or received from the Department.

10. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i) and (B)(i-ii), the Department was required

---

[1] In an obvious typographical error, data was sought for 2091 rather than 2019.

Complaint

to determine within 20 working days (or in unusual circumstances 30 working days) whether it was going to comply with the request and so notify Plaintiff.

11. As of the date of this Complaint, more than 140 working days have elapsed since the FOIA request was submitted and no such determination has been sent or received from the Department.

12. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), the Department's failure to abide by the deadlines set forth in the statute constitutes exhaustion of Plaintiff's administrative remedies.

WHEREFOR, Plaintiff prays that this Court:

A) Order the Department to disclose the request records in their entirety and make copies available to Plaintiff;

B) Award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

C) Grant such other and further relief (including nominal damages) as the Court may deem just and proper.

Dated: January 7, 2022

Respectfully submitted,

James C. Pistorino (SBN 226496)
james@dparrishlaw.com
Parrish Law Offices 224 Lexington Dr. Menlo Park, CA 94025
Telephone: (650) 400-0043

Pro Se Plaintiff

3

Complaint