1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11
12
13
14

|  |  |
|---|---|
| James Charles Pistorino,<br><br>        Plaintiff,<br><br>    vs.<br><br>United States Department of Health & Human<br>Services,<br><br>        Defendant. | Case Number: C 22-cv-00177-LB<br><br>**JOINT CASE MANAGEMENT**<br>**STATEMENT & [PROPOSED] ORDER** |

15
16
17
18

        The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

19
20
21
22
23

1.  Jurisdiction & Service

        This Court's jurisdiction is founded on 5 U.S.C. § 552(a)(4)(B) and venue is founded on the same section.  Jurisdiction and venue are not contested, there is no dispute about service, and no parties remain to be served.

24
25
26
27
28

2.  Facts

        Plaintiff's Statement:

        In June 2021, Plaintiff served a FOIA request seeking data on Medicare claim initial determinations and redeterminations for the calendar years 2018-2020. Essentially, Plaintiff

*Form updated May 2018*

seeks a copy of the Medicare claim database at the first two levels of presentation. Other than an acknowledgment of receipt sent the next day, the Department did not otherwise respond to the FOIA request through the filing of this suit.

Defendant's Statement:

On January 11, 2022, Plaintiff filed the present complaint regarding two FOIA requests made to the U.S. Department of Health and Human Services (HHS) on June 10, 2021. The specific requests were as follows (*see* Dkt. 1, Ex. A):

"*Request # 1:*

For each of the calendar years 2018, 2091 [sic], and 2020, and for each claim submitted to Medicare for initial determination (whether for durable medical equipment or for services/produces) [sic], please provide, in electronic format the complete record associated with each claim excepting any personally identifiable information (e.g., name, street address, HICN/MBI).

Thus, each record would include at least:

1)      The claim identification number;

2)      The date the claim was submitted;

3)      The amount of the claim;

4)      The CPT/HCPCS code(s) applicable to the claim;

5)      The city/town and state of the beneficiary;

6)      The name, city/town, state of the provider and any codes associated with the same;

7)      Whether the claim was approved or denied;

8)      The amount approved or denied;

9)      The date of claim approval or denial;

10)      Any explanation or code( s) associated with the approval or denial, including any codes reflecting the reason for approval or denial, and any explanation provided to the beneficiary.

*Form updated May 2018*

For each unique code included in the records, please provide a table reflecting the code and any associated explanation, text, or meaning of the code.

*Request #2:*

For each of the calendar years 2018, 2091, and 2020, and for each claim denied at initial determination by Original Medicare as reflected in Request #1 and appealed, please provide, in electronic format, the complete record associated with each appeal excepting any personally identifiable information (e.g., name, street address, HICN/MBI).:

1)      The claim identification number;

2)      The date the claim was appealed;

3)      Whether the claim was approved or denied on appeal;

4)      The amount approved;

5)      The date of claim approval or denial on appeal;

6)      Any explanation or codes associated with the approval or denial on appeal, including any codes reflecting the reason for approval or denial, and any explanation provided to the beneficiary.

For each unique code included in the records, please provide a table reflecting the code and any associated explanation, text, or meaning of the code."

The requests cover information for approximately three billion Medicare claims.    The information requested must be collected from several locations and assembled before it can be provided to plaintiff.

3.  <u>Legal Issues</u>

Plaintiff's Statement:  In Plaintiff's view, the Answer served on March 24, 2022, effectively constitutes a general denial.  At this time, Plaintiff is not aware of any basis on which the requested documents could be withheld but, to the extent the Department asserts any, whether exemptions to disclosure are applicable would have to be decided.  In addition, whether attorney's fees are recoverable may also be an issue.

*Form updated May 2018*

Defendant's Statement:  HHS is endeavoring to work with Plaintiff and provide information in response to the requests, subject to FOIA Exemption 6, which prohibits HHS from disclosing medical files and similar personal information for millions of Medicare beneficiaries whose claims are covered by the requests.  Because Plaintiff has requested the "complete record" and not specific database fields, the parties will need to agree on which database fields should be withheld on Exemption 6 grounds before preparing the data for approximately three billion Medicare claims covered by the requests.  HHS's goal is to extract the requested data one time to avoid delays and additional costs.  By identifying which fields must be withheld due to Exemption 6 concerns ahead of time, HHS is attempting to avoid any manual review of the billions of claim records covered by the requests.

To this end, Defendant proposed that the parties engage in a three-step process to streamline the response to Plaintiff's requests:  first, HHS would provide a list of the available database fields (potentially hundreds of fields depending on the type of claim) and identify the specific fields that raise Exemption 6 concerns.  Second, the parties would meet and confer and agree upon which fields would be included in the response to the requests (and which database fields would be withheld).  Finally, HHS would perform the extraction of the agreed-upon fields and assemble the resulting data and provide it to the Plaintiff ten weeks after agreement on the database fields was reached.  Defendant initially proposed that the meet and confer process be completed by April 29, 2022, and that production be completed by July 8, 2022.  While the parties did not reach an agreement on the schedule prior to filing this joint statement, a modified version of this framework proposed by each side appears in the "Scheduling" section below.

4. <u>Motions</u>

Plaintiff's Statement:  There are no prior or pending motions.  At this time, if necessary, Plaintiff anticipates filing a single motion for judgment on the pleading seeking an order compelling production of the requested materials.  In meet and confers with the Department's counsel, Plaintiff is told that a listing of the fields in each record (including an identification of any the Department intends to withhold) will be provided prior to the CMC.  To the extent that

*Form updated May 2018*

there is disagreement on fields withheld, motion practice related to this may be necessary.  In addition, in meet and confers, production time/cost estimates that are approximately 10 times what Plaintiff believes to be remotely possible/reasonable have been offered.  If these numbers are not revised, Plaintiff anticipates discovery/motion practice related thereto.

Defendant's Statement:  There are no prior or pending motions.  A motion for summary judgment may be necessary to establish whether HHS's response to the requests meets the requirements of the FOIA.  HHS is working with Plaintiff to achieve a mutually agreeable outcome that will avoid the need for motion practice.

5. Amendment of Pleadings

No amendment of the pleadings is anticipated at this time.

6. Evidence Preservation

Given that this is a FOIA case, it is not believed that evidence preservation measures are applicable.  In any event, there are no known issues in this regard and no steps for preservation are believed necessary.

7. Disclosures

Because this is an Administrative Review case, pursuant to FED.R.CIV.P. 26((a)(1)(B)(i), this case is exempt from Initial Disclosure requirements and none are believed necessary.

8. Discovery

Plaintiff's Statement:  No discovery has been taken to date.  As indicated above, with respect to the requested production, Plaintiff is informed that an identification of the fields in each database record (as well as any fields the Department intends to withhold) will be made prior to the CMC.  If there is a dispute on any fields withheld, Plaintiff anticipates that discovery may be needed to resolve that issue.  In addition, as indicated above, to the extent that the production costs are not revised, discovery related to that issue may be needed.  At this time,

*Form updated May 2018*

Plaintiff believes that the best approach is to see what disagreements there are, if any, and if they cannot be resolved and discovery is needed for the parties to return to the Court.

Defendant's Statement:  Discovery is generally not available in FOIA cases, and Defendant does not expect that any discovery will need to be conducted in this case.

9. <u>Class Actions</u>

This is not a class action.

10. <u>Related Cases</u>

There are no related cases pending before this or any other court or administrative body.

11. <u>Relief</u>

Plaintiff's Statement:  The Complaint seeks production of the requested documents, costs and attorneys fees, and any other relief deemed appropriate.  The amount of costs and attorneys fees is not known at this time but includes, at least, the filing fee of $402.

Defendant's Statement:  HHS disputes that Plaintiff is entitled to costs or fees, and expects that this issue will be resolved once the response to the requests is complete.

12. <u>Settlement and ADR</u>

ADR is not believed to be appropriate at this time.  Subject to the above identified issues with regard to actual production and its cost, the parties believe that this matter may be resolved/settled promptly.

13. <u>Consent to Magistrate Judge For All Purposes</u>

Whether **<u>all</u>** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   __X__ YES     ____ NO

14. <u>Other References</u>

It is not believed that reference to any other body, etc. is appropriate.

*Form updated May 2018*

15. Narrowing of Issues

      The parties have not identified issues that can be narrowed at this time.

16. Expedited Trial Procedure

      The parties do not expect that an expedited trial procedure will be appropriate in this FOIA case.

17. Scheduling

      Plaintiff's Statement:  Plaintiff proposes as follows:

- o April 28, 2022:     The Department to serve a listing of all fields to be produced, an identification of any fields the Department intends to withhold, the alleged basis for withholding, and an estimate of production time/costs.

- o May 14, 2022: Parties to file status report indicating any dispute and proposed process for resolution.

- o June 14, 2022: If there are no disputes, production to be completed.

- Defendant's Statement:  Defendant will require ten weeks of processing time to prepare the requested data once the parties agree on which database fields to provide, given the available personnel and sheer volume of the request (as much of the work for a request of this magnitude can only be performed at night when additional network bandwidth is available).  Therefore, the Defendant proposes the following schedule:

  - o April 28, 2022:     The Department to serve a listing of all fields to be produced, an identification of any fields the Department intends to withhold, the alleged basis for withholding, and an estimate of production time/costs (same as Plaintiff's proposal)

*Form updated May 2018*

     o   May 14, 2022: Parties to file joint status report indicating any dispute and proposed process for resolution (same as Plaintiff's proposal)

     o   July 22, 2022: If there are no disputes, production to be completed (ten weeks from date of joint status report)

18.  <u>Trial</u>

The parties do not presently expect a trial in this FOIA case.  To the extent that motions for summary judgment are filed, those will be presented to the Court.

19.  <u>Disclosure of Non-party Interested Entities or Persons</u>

Neither party filed a disclosure of non-party interested entities or persons.  That said, there are none.  Plaintiff is an individual representing himself and no other person or entity has a financial stake in the outcome of this case.  Defendant is a Department of the United States government.

20.  <u>Professional Conduct</u>

Counsel for both parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.  <u>Other</u>

None known at this time.

Respectfully submitted,

                                    STEPHANIE M. HINDS
                                    United States Attorney

Dated: April 7, 2022         By:   ***/s/ Michael A. Keough*
                                    MICHAEL A. KEOUGH
                                    Assistant United States Attorney
                                    Attorney for Defendant

*Form updated May 2018*

1

2     Dated: April 7, 2022       By:    */s/ James C. Pistorino*

3                                    JAMES C. PISTORINO

4                                  Plaintiff *Pro Se*

5                                ** Pursuant to Civ. L.R. 5-1(i)(3), the filer of the

6                                  document has obtained approval from this signatory.

7

8

9

10

11

12                         <u>CASE MANAGEMENT ORDER</u>

13    The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved

14    as the Case Management Order for this case and all parties shall comply with its provisions. [In

15    addition, the Court makes the further orders stated below:]

16

17

18    IT IS SO ORDERED.

19     Dated:                                                 

20                                  UNITED STATES DISTRICT/MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

*Form updated May 2018*